IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Case No. 3:15-00078 |
| v. ) | Judge Aspen |
| ) | |
| ) | |
| VLAD DIACONU. ) | |
| ) | |

## DEFENDANT'S POSITION AS TO HIS SENTENCE

Comes now, the defendant, Vlad Diaconu, by and through his attorney, Luke A. Evans, and respectfully submits his position as it relates to his sentencing. Mr. Diaconu would move this Court for a sentence of twenty-five (25) months incarceration, two (2) years of supervised release, restitution in the amount of $834, 841.75 and a $100 special assessment. Counsel submits that the above stated sentence is sufficient, but not greater than necessary, to comply with the intent of 18 U.S.C. § 3553(a)(2). In support of his position, Mr. Diaconu would show the following:

### Procedural History

Mr. Diaconu was indicted in the Middle District of Tennessee on June 10, 2015. He was arrested at his home in Romania and taken into custody on May 9, 2016 pursuant to the Government's request for extradition. He was locally detained in a Romanian jail for three and one-half months while he awaited extradition to the United States. The jail was located in the basement of a police station in Bucharest.

The conditions in the jail were very harsh. The temperatures in the jail exceeded 110 degrees. Mr. Diaconu was forced into a very confined cell, with six other men. Several of the men smoked tobacco constantly, hindering Mr. Diaconu's ability to breath. The jailer provided one meal per day that was served from a jug. The substance that was served was something of porridge. Based on his inability to receive sufficient nutrition from the jail, his family was forced to bring him food. The FBI waited until August 19, 2016 to serve him with the federal arrest warrant. He has continuously remained in custody since that time.

On March 28, 2017 he pled guilty to Count One of the Indictment pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The parties agree that the Mr. Diaconu's total offense level is 24. He is a Criminal History Category I. Therefore, his guideline range is 51-63 months. Mr. Diaconu has no objections to the PSR.

## History and Characteristics

Mr. Diaconu was born August 1, 1980 in Bucharest, Romania. He is an only child. When he was a child his Father would drink and beat him. Although his Father was not faithful to his Mother, they remained married. The Defendant's Mother died of a brain tumor in 2001. He and his Mother were very close. Mr. Diaconu's Father continues to live in Romania; however, they do not have a relationship due to his Father's infidelity.

The Defendant has never been married. He continues a long-term relationship with Madalina Pope. They have a 5-year-old son together, David Noah

Diaconu. His son was born with partial paralysis to his left arm and foot. This infirmity requires the child to undergo regular therapy.

Mr. Diaconu has a history of substance abuse. He has used marijuana daily since he was twenty-two years old. He previously participated in a 45-day inpatient drug rehabilitation program. He is currently in need of help with substance abuse.

The Defendant possesses a Degree in Commerce. He has previously worked in the restaurant business. From 2011 to 2014, he worked as a goat farmer.

### **Argument in Support of Defendant's Position**

A sentence of no greater than twenty-five (25) months incarceration, two (2) years supervised release, restitution in the amount of $834, 841.75, and $100 special assessment should be ordered in this instance. Mr. Diaconu concedes that the Federal Sentencing Guidelines advise a sentence of 51 to 63 months of confinement; however, it is well settled that this Court is not bound by such strictures. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The Guidelines do not enjoy a presumption of reasonableness. *Nelson v. United States*, 555 U.S. 350, 129 S.Ct. 890, 172 L.Ed.2d 219 (2009). As the Court is well aware, the guidelines are merely advisory and this honorable Court has the discretion to enter a sentence that deviates or otherwise varies from the sentence suggested in the Guidelines. *Id*. The suggested guideline range is merely the starting point for the Court. *Gall v. United States*, 552 U.S. 38, 49-50, 128 S. Ct. 586, 596-597, 169 L. Ed. 2d 445, 457. Moreover, said range is only one of the factors the Court must consider under 18 U.S.C. § 3553. *Id*.

The Court's duty in this instance is to ensure that the sentence handed down adequately embraces the purposes of sentencing as set forth in 18 U.S.C. § 3553. In so doing, it is incumbent on the Court to consider all of the sentences available. 18 U.S.C. § 3553(a)(3). Based upon fair and full consideration of the factors as set forth in 18 U.S.C. § 3553, the Court should order a mitigated sentence of not greater than twenty-five (25) months confinement with two (2) years of supervised release. Such a variance from the guidelines is appropriate in this case based on the facts specific to this Defendant.

A sentence of greater than twenty-five (25) months does not fully account for the harsh conditions of confinement suffered by Mr. Diaconu while he awaited the United States authorities in Romania.[1] There is no question that the conditions Mr. Diaconu endured during the three and one-half months he spent in the basement of a Romanian police station were far worse than the confinement he would have faced here in the United States. Mr. Diaconu was a pretrial detainee; therefore, his confinement was not intended to be punitive. See *Bell v. Wolfish*, 441 U.S. 520 (1979). The conditions of his confinement while in Romania undoubtedly violated the United States Constitution and ultimately Mr. Diaconu's civil rights. *Id.*

In the case at bar, a sentence of greater than twenty-five (25) months would offend the overall intent of 18 U.S.C. § 3553 as it does not give adequate consideration to the conditions of Mr. Diaconu's initial confinement. The

---

[1] Mr. Diaconu was arrested pursuant to the warrant issued in this case. He did not fight extradition, but remained in a Romanian jail for three and one-half months. But for the government's failure to act in a timely manner, Mr. Diaconu would not have remained in such harsh conditions for such an extended period of time.

consequences of such a sentence would thus be greater than necessary to achieve the goals of sentencing.

## **Recommendations**

Mr. Diaconu ask that the Court recommend that he be confined in Coleman, Florida or Petersburg, Virginia. He would also ask the Court to recommend that he be accepted into the Residential Drug Treatment Program.

## **Conclusion**

For the reasons set forth herein, a sentence of twenty-five (25) months incarceration, two (2) years supervised release, restitution in the amount of $834, 841.75 and $100 special assessment should be ordered in this case. Said sentence fully exemplifies the purposes of 18 U.S.C. § 3553 because it is not excessive and fully considers Mr. Diaconu's history and characteristics while maintaining proper deference to the seriousness of the offense. A greater sentence would be unreasonable.

Respectfully Submitted,

Bulloch, Fly, Hornsby & Evans

/s/ *Luke A. Evans*
LUKE A. EVANS, BPR# 23620
Attorney for Defendant
P.O. Box 398
302 North Spring Street
Murfreesboro, TN 37133
(615) 896-4154
lukeevans@bfhelaw.com

<u>Certificate of Service</u>

      I hereby certify that on November 29, 2017, I electronically filed the foregoing Sentencing Paper with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: **Byron Jones**, Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, Tennessee 37203.

                                        <u>/s/ *Luke A. Evans*</u>
                                        LUKE A. EVANS

6
Case 3:15-cr-00078   Document 50   Filed 11/29/17   Page 6 of 6 PageID #: 127